**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FRANCISCO BANKS,**

**Petitioner,**

**v.**                                                   **Case No. 4:14cv666-MW/CAS**

**JULIE L. JONES,**

**Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On December 11, 2014, Petitioner Francisco Banks, proceeding pro

se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

ECF No. 1.  On December 14, 2015, Respondent filed a motion to dismiss

the petition as untimely, with attachments.  ECF No. 19.  Petitioner filed a

reply on January 13, 2016.  ECF No. 20.

The matter was referred to the undersigned United States Magistrate

Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B).  The pleadings and

attachments before the Court show that the petition is untimely and should

be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts

(authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

By indictment filed August 18, 2005, in case number 05-159-CF, which superceded a prior information, a Grand Jury in the Third Judicial Circuit, Madison County, Florida, charged Petitioner Francisco Banks with two counts, in connection with events that took place on June 19, 2005:  (1) first degree murder while armed with a firearm, a capital felony, in violation of sections 782.04(1)(a) and 775.087, Florida Statutes; and (2) possession of a firearm by a convicted felon, a second degree felony, in violation of section 790.23, Florida Statutes.  Ex. A.[1]  On July 16, 2007, pursuant to a negotiated plea agreement, in relevant part, Banks entered a plea of guilty to the charges of second degree murder with discharge of a firearm resulting in death and possession of a firearm by a convicted felon.  Ex. B. In exchange for his plea, the State agreed to a sentence of 25 years in prison as a minimum mandatory on Count 1, followed by 15 years of probation, and 15 years of probation on Count 2, to run concurrent with the

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 19.

probationary portion of Count 1.  *Id.*  That same day, the court accepted the

plea, adjudicated Banks guilty, and sentenced him in accordance with the

negotiated plea agreement.  *Id.*; Ex. C.

From the exhibits included with the State's motion, it appears Banks

submitted a pro se notice of appeal on August 8, 2007; however, the case

number he included on that notice concerned a different circuit court case,

number 07-95-CF (involving a charge of contraband in jail), for which he

was also sentenced pursuant to the plea agreement, not case number 05-

159-CF.  Ex. D.  On September 10, 2007, Banks submitted a Notice

Withdrawing Notice of Appeal, with the case number 05-159-CF.  Ex. F.

On September 10, 2007, Banks filed a Motion to Allow Credit for

County Jail Time.  Ex. G.  In an order rendered January 28, 2008, the

circuit court denied the motion, finding, among other things, that "the record

adequately and conclusively establishes that the Defendant waived his

right to a portion of his jail credit in Case Number 05-159-CF" and "the

Defendant not only signed the Offer of Plea wherein a portion of his jail

credit was waived, but also initialed page two of the Offer of Plea next to

the exact paragraph containing the waiver of jail credit."  Ex. H; *see* Ex. B.

Banks filed a notice of appeal on February 11, 2008.  Ex. I.  On October

10, 2008, the First District Court of Appeal (DCA) affirmed the case, 1D08-1321, per curiam without a written opinion.  Ex. J.  The mandate issued November 7, 2008.  Ex. K.

On June 22, 2011, Banks filed a Motion to Correct Illegal Sentence. Ex. L.  In an order dated July 21, 2011, and rendered August 8, 2011, the circuit court denied the motion and explained, among other things, "as Defendant's offenses were committed in 2005, the Court could have sentenced the Defendant to a term of imprisonment not exceeding life." Ex. M.  On August 9, 2012, Banks filed a petition seeking a belated appeal of this order.  Ex. N.  In an opinion dated October 26, 2012, the First DCA granted Banks a belated appeal of the order denying his motion to correct illegal sentence.  Ex. O.  On September 30, 2013, the First DCA per curiam affirmed the case, 1D13-2148, without a written opinion.  Ex. P.  The mandate issued October 28, 2013.  Ex. Q.

On November 1, 2013, Banks filed a motion to allow jail credit.  Ex. R.  In an order rendered June 11, 2014, the state trial court dismissed the motion, finding Banks' claim barred by the doctrine of collateral estoppel and also finding no manifest injustice "as the Defendant admitted that he did in fact waive the requested jail credit."  Ex. S.  Banks appealed this

order.  Ex. T.  On October 1, 2014, the First DCA per curiam affirmed the case, 1D14-2906, without a written opinion.  Ex. U.  The mandate issued October 28, 2014.  Ex. V.

As indicated above, Banks filed a § 2254 petition in this Court on December 11, 2014.  ECF No. 1.  Respondent has filed a motion to dismiss the § 2254 petition as untimely, with exhibits.  ECF No. 19.  Banks has filed a reply.  ECF No. 20.

## Analysis

There is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.  *Id.* § 2244(d)(1)(A).[2]  The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner

---

[2]Later dates which may commence the period include the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).

establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, Petitioner's conviction became final for AEDPA purposes on August 15, 2007, when the 30-day time period expired for filing a direct appeal following the entry of his judgment and sentence on July 16, 2007. *See* Fla. R. App. P. 9.140(b)(3) (allowing 30 days to appeal from rendition of written order imposing sentence).  Petitioner then had one year, until August 15, 2008, to file his federal habeas petition absent some other tolling activity. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

As detailed above, 26 days into the AEDPA one-year period, on September 10, 2007, Petitioner filed a motion for jail credit; the trial court denied the motion, Banks appealed, and the First DCA affirmed the case, issuing the mandate on November 7, 2008.  The AEDPA clock then started again and ran untolled for 339 days until it expired on October 12, 2009. Banks did not file anything else until June 22, 2011, when he filed his motion to correct illegal sentence in the state trial court.  This was well after

the one-year AEDPA limitations period had expired and thus did not toll that limitations period.  *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Notably, even considering as tolled time the 26-day period when Banks apparently submitted a notice of appeal concerning his judgment and sentence, but that notice was not docketed in the state court, his AEDPA one-year clock still ran out well before he filed his motion to correct illegal sentence on June 22, 2011.  Accordingly, the § 2254 petition is untimely.

## Conclusion

Case No. 4:14cv666-MW/CAS

Because the § 2254 petition is untimely, it is **RECOMMENDED** that

Respondent's motion to dismiss (ECF No. 19) be **GRANTED** and the

petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 1)

be **DISMISSED**. The Clerk shall substitute Julie L. Jones for Michael D.

Crews as Respondent.

　　　　**IN CHAMBERS** at Tallahassee, Florida, on February 25, 2016.

　　　　　　　　　　　　**S/   Charles A. Stampelos**　　　　　　　
　　　　　　　　　　　　**CHARLES A. STAMPELOS**
　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


　　　　　　　　　　　　**NOTICE TO PARTIES**

　　　　**Within fourteen (14) days after being served with a copy of this
report and recommendation, a party may serve and file specific,
written objections to the proposed findings and recommendations.  A
party may respond to another party's objections within fourteen (14)
days after being served with a copy thereof.  Failure to file specific
objections limits the scope of review of proposed factual findings and
recommendations.**